**UNITED STATES of America,**
**Appellee,**

v.

**OLIN MATHIESON CHEMICAL COR-PORATION, Herbert G. Wolf and Far East International Corp., Defendants,**

**Philipp Bauer Co., Inc., and Kenneth B. Bauer, Defendants-Appellants.**

No. 152, Docket 30512.

United States Court of Appeals
Second Circuit.

Argued Oct. 6, 1966.

Decided Oct. 28, 1966.

See also D.C., 36 F.R.D. 18.

Richard A. Givens, New York City (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, and Paul R. Grand, Michael W. Mitchell, Asst. U. S. Attys., on the brief), for appellee.

Edward S. Friedland, New York City, for appellants, Philipp Bauer Co., Inc., and Kenneth B. Bauer.

Before SMITH, HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

Appellants were convicted by verdict of a jury of violating 18 U.S.C. § 1001 which provides:

> "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully * * * conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations * * * shall be fined not more than $10,000 or imprisoned not more than five years, or both."

The evidence shows that in connection with the distribution by appellants of pharmaceutical products in Vietnam and Cambodia, appellants received and made certain payments which they failed to disclose in answer to questions concerning such payments on forms provided by the Agency for International Development and filed by appellants in order to obtain payment for the products from foreign aid funds. Appellants contend that they were not required to disclose payments of the type which they admittedly received and made and that, therefore, their failure to do so does not constitute a violation of Section 1001.

The AID forms called for "information as to agents' commissions, domestic and foreign * * * paid or to be paid," to which appellants replied "None," and contained the following statement which was signed by appellants without entering anything on the reverse of the form:

"The supplier has not given or received and will not give or receive by way of side payment, 'kickbacks,' or otherwise, any benefit in connection with said contract except as is disclosed on the reverse of this form."

Appellants paid 10% of invoice prices to importers of the pharmaceutical products for what they called "promotion allowances." Besides these regular payments appellants also paid from time to time various personal expenses of the importers including, for example, airplane tickets, hospital expenses, and transportation of an automobile.

Appellants also made regular payments of 2% of invoice price to one of the officials of its supplier.

Moreover, appellants received a 20% commission for acting as agent for their supplier.

It is obvious that appellants gave and received "benefits" some of which are also properly to be classified as "commissions," "side payments" and "kickbacks." Their failure to disclose these payments on the AID form clearly constituted a violation of Section 1001.

Affirmed.